HENDRY, Judge.
Appellant was tried, non-jury, convicted and sentenced for the crime of robbery. He seeks reversal of the judgment and sentence on the ground that it was error for the trial court to admit into evidence a courtroom identification of the defendant by the complaining witness and a police officer. Appellant’s contentions are that these courtroom identifications were based in whole or in part on a prior photographic identification made by the witnesses at the police station following defendant’s arrest, in the absence of counsel but after defendant had requested that he be represented by counsel.
It appears from the record that the defendant had been arrested and advised of his rights and had requested that counsel be present at any line-up. Instead of putting the defendant in a line-up the police showed the witnesses a series of mug shots. The victim readily identified the defendant and so did the police officer who had seen him when he ran in front of his patrol car as he was fleeing the scene of the crime.
We have carefully reviewed the record and considered the points on appeal and have concluded that the motion to suppress was properly denied. See Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) as to propriety of the mug shot identification. The police officer’s opportunity for identification oc-cured independently from that of the victim and his subsequent identification of the appellant was also constitutionally proper.
No reversible error having been made to appear, the judgment and sentence are affirmed.
Affirmed.